IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL ANTHONY WILLIAMS  :
#368234
        Petitioner  :

v.  :    CIVIL ACTION NO. WDQ-11-1994

WARDEN D. KENNETH HORNING,  :
et al.,
        Respondents

MEMORANDUM

On July 13, 2011, Michael Anthony Williams filed a habeas corpus Petition and an indigency affidavit. Williams is a Maryland Division of Correction prisoner serving a 13-year sentence for second-degree assault and fourth-degree burglary. His request for indigency status will be granted and his 28 U.S.C. § 2254 Petition will be dismissed without prejudice.

Williams was sentenced on March 25, 2011. His appellate counsel is awaiting the trial transcripts. Under *Rose v. Lundy*, 455 U.S. 509 (1982), before a petitioner may seek habeas relief in federal court, he must first exhaust each claim by pursuing state court remedies. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction. *See* 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished for claims on direct appeal, and thereafter seeking *certiorari* to the Court of Appeals, and with other claims by a post-conviction petition, followed by petitioning the Court of Special Appeals for leave to appeal. Petitioner has completed neither direct appeal nor post-conviction review.

Because the claims presented here have not been exhausted in the state courts, this action is premature. *See Gray v. Netherland*, 116 S.Ct. 2074, 2080-83 (1996). Accordingly, the case will be dismissed without prejudice. A certificate of appealability will not issue because

Williams has not made a "substantial showing of the denial of a constitutional right."[1]

A separate Order follows.

8/3/11
(Date)

William D. Quarles, Jr.
United States District Judge

---

[1] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate " 'that jurists of reason (1) would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).